Robinson, J.
On or about the 25th of August, 1920, the defendants in error employed one McMurray to assist in the sale of automobiles. On the morning of September 4, 1920, McMurray procured from the defendants in error a Lexington automo *240 bile for the purpose of exhibiting it to a prospective buyer, representing that such buyer lived in the city of Toledo. McMurray took the car, drove it to the village of Fayette, in Fulton county, which was outside the territory in which defendants in error were authorized to make sales, and sold it to the plaintiff in error for the sum of $600 and a Ford automobile.
There was testimony touching the conduct of McMurray in securing possession of the car and of his attempts prior to this sale to dispose of the car to other persons than plaintiff in error, introduced for the purpose of showing that at the time of procurement the car was procured by McMurray with the intention to steal it. There was also evidence introduced touching the conduct of the plaintiff in error before, at the time, and subsequent to the purchase, for the purpose of showing either that he was not an innocent purchaser or that the circumstances surrounding the purchase were such as to have put a reasonable man upon his guard.
The cause was twice tried; the jury in each trial returning a verdict for the defendant below, present plaintiff in error. Judgment was rendered thereon by the trial court in each instance. The Court of Appeals reversed the judgment entered upon the first verdict upon the ground that the verdict was against the weight of the evidence, and reversed the judgment entered upon the second verdict upon the ground “that said court (common pleas) erred in giving special instruction No. 1.”
The record discloses that the defendant requested the court to give the following instruction to the jury:
*241 “No, 1. If you find that the plaintiffs clothed the man McMurray with the apparent title to, or authority to dispose of, the automobile in question in this case; and you further find that the defendant in dealing with the said McMurray acted in good faith and parted with his property in good faith and upon the faith of such apparent ownership or authority, and believing that the appearances to which he trusted were real, then the plaintiffs are estopped from claiming title to said automobile as against the defendant, and your verdict should be for the defendant.”
The record does not disclose that this charge was given, or, if given, that there was any exception taken thereto by the plaintiffs.
It was the position of the Court of Appeals that special request No. 1 was given, and that it was erroneous for the reason that it failed to include the element of fraud or gross negligence upon the part of the plaintiffs in clothing McMurray with the apparent title.
We are unable from the record to determine that special request No. 1 of defendant below, present plaintiff in error, was given, and we cannot assume that it was. The record, however, does disclose that near the close of the general charge Mr. Gebhard, counsel for the defendant, addressed the court as follows:
“I request that in view of what has been said the jury be instructed that there' is an exception to the general rule that a man cannot convey better title to property than he possesses, and this is the exception: In a situation of this kind it is the rule if the jury should find that the plaintiffs vested the man *242 McMurray with, apparent title to, or authority to dispose of, the automobile in question, that the defendant acted in good faith in dealing with McMurray in buying this property, and upon faith of the apparent ownership or authority, then the plaintiffs are estopped from claiming title to property as against the defendant.”
The record further discloses the notation, “Not given—exceptions. ’ ’
Thereupon the court proceeded to instruct the jury with reference to the number concurring necessary to a verdict.
The record discloses that general exceptions were taken to the general charge both by counsel for plaintiffs and counsel for defendant. The record, therefore, in so far as it shows anything with reference to special request No. 1, shows that the court refused to give such a request after argument.
In the general charge the court charged the jury correctly to the extent of the subjects covered, and, the record disclosing no requests by plaintiffs upon subjects not covered in the charge, the general exception brings no question here other than the question of the correctness of the instruction given.
The record failing to disclose the error found by the Court of Appeals, its judgment in that respect was erroneous, and will be reversed.

Judgment reversed.

Marrttat.t., C. J., Wanamaker, Jones, Matthias, Day and Allen, JJ., concur.